UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| NATALIE WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-12-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF FRANKFORT, KENTUCKY, | ) | **MEMORANDUM OPINION** |
| and STEPHEN SUTTON, in his official | ) | **AND ORDER** |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Natalie Wilkerson filed this action in the Franklin Circuit Court on March 4,

2008.  The matter was removed to this Court on March 26, 2008. [Record No. 2] Through her

Complaint, Wilkerson alleges violations of certain federally-protected rights in connection with

a claimed assault and subsequent arrest occurring March 4, 2007.  Wilkerson further claims that,

at the time of the alleged assault by officer Stephen Sutton, she was accompanied by an

acquaintance.

The Defendants have moved the Court *in limine* to bar Plaintiff Wilkerson from calling

Ben Haggard as a witness during trial based on the Plaintiff's failure to provide information

concerning Mr. Haggard's address and other contact information either in her initial disclosures

or through supplementation.  The Plaintiff has not responded to the motion.  Having reviewed

the materials filed in support of the Defendants' motion *in limine*, the Court finds that the

Plaintiff has failed to comply with the requirements of Rule 26 of the Federal Rules of Civil

Procedure.  Further, the relief sought by the Defendants is an appropriate remedy for the Plaintiff's violation.  Accordingly, the motion will be granted and the Plaintiff will be prohibited from calling Ben Haggard as a witness during the trial of this action.

## I.    Analysis

As discussed in the Defendants' supporting memorandum, Rule 26(a)(1) specifically requires that parties disclose the names of all witnesses that may have discoverable information. [Record No. 19]  Further, the rule provides that, if either the address or telephone number of a witness is known to the party making the disclosure, that information must also be provided. Rule 26(e)(1) also imposes a duty to supplement the information originally provided if a party becomes aware that the earlier disclosure is incomplete or incorrect.  *See* Rule 26(e)(1), Fed. R. Civ. P.[1]

Here, it is apparent that Ben Haggard is a key witness to the events in issue.  However, despite numerous requests, the Plaintiff failed and refused to provide the Defendants with any contact information in her possession.[2]  This has resulted in the Defendants being unable to take Mr. Haggard's deposition prior to the close of discovery.  Because the information possessed by

---

[1]     The Defendants point out that the 2007 revisions to the Federal Rules of Civil Procedure changed a party's duty under this rule to require disclosure of information acquired after the initial disclosures have been made.  *Moore's Federal Practice* § 26.130; *see also* Fed. R. Civ. P., Advisory Committee's Notes (2007) (explaining that this revision conforms the text of the rule to its actual meaning as it is applied in practice).

[2]     The materials attached to the Defendants' supporting memorandum outline the attempts to obtain information concerning Mr. Haggard's whereabouts from Plaintiff's counsel during discovery. [Record No. 19] Further, during the deposition of John Gray, the Defendants learned that he possessed a taped interview with Mr. Haggard concerning the events relating to the Plaintiff's arrest.  This audio tape was apparently provided after the close of discovery on January 12, 2009.  And although the Plaintiff claims to have sent Mr. Haggard a letter during the course of the case, she did not provide Haggard's address to the Defendants.

this witness goes to the heart of the parties' dispute, it is clearly material.  Under the circumstances, the Court finds that Wilkerson had a duty to provide the contact information she possessed concerning Mr. Haggard in a timely fashion so that the Defendants could take his discovery deposition.  In light of the Defendants' efforts to obtain this information, the Plaintiff can hardly assert that this was an unintentional violation or merely the result of inadvertence.

The Plaintiff has not responded to the Defendants' motion and, therefore, has not offered any excuse for her failure to provide contact information for Mr. Haggard.  Thus, the Court cannot conclude that there was a substantial justification for her failure.  Likewise, the Court cannot conclude that the Plaintiff's actions were harmless.  *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

## II.    Conclusion

The Plaintiff and her attorneys have violated the provisions of the Federal Rules of Civil Procedure requiring that contact information of individuals with knowledge relevant facts be disclosed.  Further, this failure was intentional and cannot be said to be harmless.  As a result, the Plaintiff will not be permitted to call Ben Haggard as a witness during the trial of this matter.

Accordingly, it is hereby **ORDERED** that the Defendants' Motion *In Limine* is **GRANTED**.

This 3rd day of March, 2009.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**